

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00009-CV

Travis T. **GASKINS** and Camille M. Gaskins,
Appellants

v.

**FAIRWAYS OF WOODLAKE HOMEOWNERS' ASSOCIATION, INC.**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-21700
Honorable John D. Gabriel Jr., Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice
              H. Todd McCray, Justice

Delivered and Filed: July 1, 2026

ORDER ON ABILITY TO AFFORD COSTS AFFIRMED

This is a review of the trial court's order finding appellants Travis T. Gaskins and Camille M. Gaskins can afford to pay court costs. *See* TEX. R. CIV. P. 145(g). We affirm.

### BACKGROUND

The trial court issued a final judgment in this case on October 7, 2025. On December 11, 2025, the Gaskins filed their "Statement of Inability to Afford Payment of Court Costs." Thereafter, on January 5, 2026, the Gaskins appeared to timely appeal the final judgment entered

against them, requesting the preparation of the clerk's and reporter's record.[1] On February 2, 2026, court reporter filed a motion to require the Gaskins to prove their inability to afford costs. *See* TEX. R. CIV. P. 145(e).

The trial court held an evidentiary hearing on the motion and granted it, finding the Gaskins have the ability to pay their appellate record costs. The Gaskins timely challenge the order pursuant to Rule 145 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 145(g)(2).

## RULE 145(g) CHALLENGE

### A. The Facts

The court reporter's motion argues the Gaskins's Statement of Inability to Afford Payment of Court Costs or an Appeal Bond was incomplete and showed the Gaskins had the ability to afford court costs based on their monthly resources. The facts are well known to the parties, and we do not recite them here in detail. The court's order granting the motion sets forth detailed findings including, in pertinent part:

- The Gaskins have not made a real attempt to find assets and have not made a good faith effort to pay the costs of court or give security for it.
- The Gaskins' Statement shows an ability to afford on its face.
- The Gaskins had one dependent, forming a three-person household.
- The Gaskins are able to meet all basic needs and did not receive government entitlements based on indigency.
- The Gaskins were not represented by legal aid and did not apply for it.
- The Gaskins engage in personal choice expenditures resulting in expenses, all of which could be structured to or directed to payment of costs of their appeal.
- The Gaskins have the ability to get loans and credit.
- The Gaskins have the ability to afford the costs of court.
- Travis's testimony is illusory, non-specific, and not credible.

---

[1] Because appellant has not paid for the appeal, we do not have the clerk's record. We therefore assume for the purposes of this opinion and order that the appeal is timely.

- Travis is a highly skilled professional contractor and entrepreneur who constructed a two-story deck on the back of his own home and opened a minimum of three for-profit businesses and two non-profit corporations.

- Travis worked in the past, has the ability to work in the present, and could work in the future, and earn income well over minimum wage; Travis is voluntarily under-employed.

- Travis has an interest in a pending personal injury matter that may result in settlement and insurance proceeds.

- Camille trained in the military in cooking, finance, and respiratory therapy, but she chooses not to work in her areas of trained expertise and is voluntarily underemployed.

- Camille is a highly skilled entrepreneur who is CEO and director of Unlimited Services and director of two non-profit corporations.

- Camille testified there was no attempt to secure loans on their home equity, a personal loan, or loans on other non-exempt property for the costs of the appellate record.

**B. Applicable Law and Standard of Review**

Rule 145 of the Texas Rules of Civil Procedure exempts a party from paying court costs, including the cost of preparing the appellate record, if the party—a "declarant" files a Statement of Inability to Afford Payment of Court Costs. TEX. R. CIV. P. 145(b). The district clerk or a court reporter may file a motion in the trial court to challenge the declarant's statement. TEX. R. CIV. P. 145(e). The motion "must contain sworn evidence—not merely allegations—either that the Statement was materially false when made or that because of changed circumstances, it is no longer true." *Id.* If a motion challenging the claim of indigency is filed, a declarant "must not be ordered to pay costs" unless the trial courts holds an "oral evidentiary hearing" with at least ten days' notice and makes detailed findings that the declarant can afford to pay costs. *Id.* 145(f).

At the Rule 145 hearing, the burden is on the declarant to prove their inability to afford costs. TEX. R. CIV. P. 145(f)(1). The test for determining the declarant's indigence is "whether the record as a whole shows by a preponderance of the evidence that the declarant would be unable to pay the costs," or a part of the costs, or give security for the costs, if the declarant "made a good-faith effort to do so." *In re Marriage of Duke & Terrell*, No. 04-23-00144-CV, 2024 WL 1292414,

at *2 (Tex. App.—San Antonio Mar. 27, 2024, no pet.); *see, e.g.*, *In re P.M.M.*, No. 04-23-00840-CV, 2024 WL 461174, at *2 (Tex. App.—San Antonio Feb. 7, 2024, no pet.); *In re J.P.N.*, No. 04-17-00633-CV, 2018 WL 626526, at *1, 3 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (orig. proceeding) (concluding trial court does not abuse its discretion sustaining contest on affidavit of inability to pay when record showed party had ability to earn money through future employment and failure by person claiming indigence to make real attempt to obtain or find assets that could be used to provide funds for paying for appellate record constituted evidence good-faith effort not made).

When evaluating a claim of indigence, the trial court may consider certain types of financial information, including the nature and amount of the declarant's income and the income of the declarant's spouse if that income is available to the declarant; real and personal property owned; cash held and available on deposit; other assets, the number of dependents; the nature and amount of monthly expenses and debts; a declarant's ability to obtain a loan for court costs; whether an attorney is providing free legal services to the party without a contingency fee; and whether an attorney has agreed to pay or advance court costs. *See Higgins v. Randall Cty. Sheriff's Office*, 257 S.W.3d 684, 687 (Tex. 2008); *Marriage of Duke & Terrell*, 2024 WL 1292414, at *2. The trial court is the sole judge of the credibility of the witnesses and evidence. *Marriage of Duke & Terrell*, 2024 WL 1292414, at *2.

We review a trial court's order on ability to afford court costs for an abuse of discretion. *Marriage of Duke & Terrell*, 2024 WL 1292414, at *2; *P.M.M.*, 2024 WL 461174, at *2. An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Marriage of Duke & Terrell*, 2024 WL 1292414, at *2; *P.M.M.*, 2024 WL 461174, at *2. An abuse of discretion does not occur when some evidence

reasonably supports the trial court's decision or when the trial court bases its decision on conflicting evidence. *Marriage of Duke & Terrell*, 2024 WL 1292414, at *2; *P.M.M.*, 2024 WL 461174, at *2.

### C. Analysis

Here, we cannot conclude the trial court abused its discretion. The Gaskins had the burden to prove by a preponderance of the evidence that they would be unable to pay the costs despite a good-faith effort to do so. *See Marriage of Duke & Terrell*, 2024 WL 1292414, at *2; *P.M.M.*, 2024 WL 461174, at *2. On this record, the trial court could have properly concluded that the Gaskins failed to meet their burden. As an initial matter, not one of the trial court's detailed findings is unsupported by the evidence, and each of the findings supports the trial court's decision. *See Marriage of Duke & Terrell*, 2024 WL 1292414, at *2; *P.M.M.*, 2024 WL 461174, at *2. Without those findings, the evidence here is undoubtedly in conflict. On the one hand, the evidence shows enormous amounts of debt and court-ordered judgments against the Gaskins along with significant monthly statement balances. On the other hand, the Gaskins are extraordinarily resourceful, secured credit facilities on a regular basis in the recent past, and admittedly made no good faith effort to potentially secure any loans or credit to finance appellate record expenses. But a trial court does not abuse its discretion if it renders decision based on the conflicting evidence. *See Higgins*, 257 S.W.3d at 687; *Marriage of Duke & Terrell*, 2024 WL 1292414, at *2; *P.M.M.*, 2024 WL 461174, at *2. Moreover, the trial court was entitled to discredit the testimony of the Gaskins and conclude they were willfully underemployed, could have secured well-paying work in the present or future, and could have reallocated monthly budget resources away from an expensive storage unit and other non-essentials to appellate record expenses. *See Marriage of Duke & Terrell*, 2024 WL 1292414, at *2; *P.M.M.*, 2024 WL 461174, at *2.

## CONCLUSION

We affirm the trial court's order.

PER CURIAM